ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| SOLUTION HEAVY EQUIPMENT LLC<br><br>Parte Recurrida<br><br>V.<br><br>RTA CONSTRUCTION GROUP LLC; ABZCO LLC; UNITED SURETY & INDEMNITY CO.; PRLP FE PROPERTIES LLC; FULANO DE TAL; COMPAÑÍA ABC; COMPAÑÍA DE SEGURO DEF<br><br>Parte Recurrente | TA2025CE00672 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Civil Núm.:<br><br>BY2019CV01095<br><br>Sobre:<br><br>Cobro de Dinero, Incumplimiento de Contrato; Daños y Perjuicios: Artículo 1489 del Código Civil |

Panel integrado por su presidente, el juez Rodríguez Casillas, el juez Salgado Schwarz y el juez Ronda Del Toro.

Salgado Schwarz, Carlos G., Juez Ponente

# SENTENCIA

En San Juan, Puerto Rico, a 8 de enero de 2026.

Comparece ante nos ABZCO, LLC (en adelante "ABZCO" o "peticionario") para solicitar la expedición del auto de *certiorari* y revocar la *Resolución* emitida el 6 de septiembre de 2025[2] por el Tribunal de Primera Instancia, Sala Superior de Bayamón. Mediante la referida *Resolución*, el foro primario **No Concedió** la *Solicitud de Sentencia Sumaria* presentada por ABZCO, en la que solicitó la desestimación de la causa de acción de cobro de dinero, al amparo del Artículo 1489, presentada por

---

[1] El recurso fue asignado a este panel por virtud de lo dispuesto en la Orden Administrativa OAJP-2021-086, de 4 de noviembre de 2021, sobre Normas para la Asignación de Recursos Nuevos Previamente Presentados en el Tribunal de Apelaciones. Como consecuencia de la referida orden, este recurso, así como todo recurso futuro que surja del caso de referencia, pendiente ante el Tribunal de Primera Instancia, será atendido por los integrantes de este panel, quienes adjudicaron el correspondiente recurso anterior (KLCE202400267).

[2] Notificada el 8 de septiembre de 2025.

Solution Heavy Equipment, LLC (en adelante "Solution" o" recurrida"). En su consecuencia, el pleito continúa con su trámite ordinario.

Por los fundamentos que exponemos a continuación, **expedimos** el auto de *certiorari*, **modificamos** la *Resolución* para añadir como Hecho en Controversia si ABZCO es dueña de la obra, para efectos del Artículo 1489, y así, la **confirmamos**.

-I-

En lo pertinente a la controversia que nos ocupa, el 5 de marzo de 2019, Solution presentó una *Demanda*[3] sobre cobro de dinero, en contra de ABZCO y otros codemandados. Alegó, entre otras cosas, que RTA Construction Group, LLC (en adelante, "RTA"), como contratista, suscribió un contrato con ABZCO para trabajos de construcción y movimientos de tierra de varios desarrollos en el Municipio de Guaynabo, denominados Belmont y Bel Air (en adelante, "Proyectos"). Arguyó que, además, RTA suscribió un subcontrato con Solution para el arrendamiento de varios equipos pesados para los trabajos realizados en los Proyectos con ABZCO. Alegó que, luego de recibir varios pagos parciales por parte de RTA, esta dejó de pagarle y que, aun le adeuda a Solution la cantidad de $138,371.03. Sostuvo que, en septiembre de 2018, Solution presentó ante ABZCO, como dueño de la obra, una reclamación extrajudicial, conforme al Artículo 1489 del Código Civil de Puerto Rico[4], y solicitó la retención de

---

[3] Entrada Núm. 1 del Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (SUMAC TPI).
[4] Artículo 1489 del Código Civil de Puerto Rico de 1930, 31 LPRA sec. 4130. El Código Civil de 1930 es el que se encontraba vigente al momento de los hechos.

cualquier pago pendiente a favor de RTA por el monto adeudado.

Por su parte, después de múltiples incidentes procesales, el 18 de diciembre de 2024, ABZCO presentó una *Solicitud de Sentencia Sumaria* en la que solicitó que se dictara Sentencia Sumaria a su favor para declarar *No Ha Lugar* la causa de acción presentada por Solution por cobro de dinero al amparo del Artículo 1489[5]. Argumentó, en síntesis, que participó en calidad de desarrollador en los Proyectos y que PRLP FE Properties LLC (en adelante "PRLP") es el dueño de los terrenos y de las obras de construcción de los referidos Proyectos, y no ABZCO, por lo que es inaplicable el Artículo 1489[6]. Esto, toda vez que el precitado artículo establece una causa de acción por parte de materialistas y/o suplidores únicamente contra el dueño de la obra. Cabe añadir que ABZCO planteó, como parte de los "Asuntos a ser Resueltos por el Tribunal", "[s]i ABZCO se considera dueño de todos o algunos de los Proyectos-PRLP para propósitos [d]el Artículo 1489"[7]. Asimismo, sostuvo que Solution no estableció en relación con cuales proyectos prestó servicios a RTA y las sumas alegadamente adeudadas en cuanto a cada uno de dichos proyectos; que ABZO no fue notificado de la reclamación de Solution conforme dispone el Artículo 1489; que ABZCO no adeuda suma alguna a RTA en relación con los Proyectos, y no realizó pagos a RTA a la fecha en que alegadamente Solution notificó a ABZCO bajo el referido artículo.

El 5 de febrero de 2025, Solution presentó una *Oposición a las Solicitudes de Sentencia Sumaria*

---

[5] *Íd.*
[6] *Íd.*
[7] Página 6 de la Entrada Núm. 201 del SUMAC TPI.

*Presentadas por las Demandadas ABZCO LLC y PRLP FE Properties LLC.*[8] En resumen, además de exponer las alegadas deficiencias y controversias en la petición de ABZCO, alegó que ABZCO se ha presentado durante el curso de los Proyectos como propietario y desarrollador de estos. Sostuvo que así surge de unos Contratos de Obra y Acuerdos de Pagos, los cuales fueron notarizados, que ABZCO suscribió con RTA. Arguyó, además, que los Proyectos estaban bajo el mando del Ingeniero Aldarondo, y que este conocía de los equipos rentados a Solution y recibió notificación escrita de la deuda por la renta de equipos. Alegó que entregó múltiples cartas al Ing. Aldarondo reiterando el cobro de lo adeudado por RTA, en las que incluyeron estados de cuenta que resumía por fecha, factura y balance cada una de las partidas adeudadas por RTA. Añadió que ABZCO se convirtió en deudor solidario de Solution en lo que respecta la deuda que mantenía RTA.

El 21 de febrero de 2025, ABZCO presentó una *Réplica a: Oposición a las Solicitudes de Sentencia Sumaria Presentadas por las Demandadas ABZCO LLC y PRLP FE Properties LLC*[9] en la que alegó que Solution no demostró que ABZCO sea dueña de los proyectos, por lo que el Artículo 1489 no le es aplicable y Solution está impedida de reclamarle a esta. Reiteró, además, los argumentos previamente expuestos.

El 6 de septiembre de 2025[10], el foro primario emitió la *Resolución*[11] que hoy nos ocupa, en la que denegó

---

[8] Entrada Núm. 210 del SUMAC TPI.
[9] Entrada Núm. 218 del SUMAC TPI, a la cual Solution presentó oportunamente una *Dúplica a la Réplica de la Demandada ABZCO LLC* el 10 de marzo de 2025 (Entrada Núm. 222 del SUMAC TPI).
[10] Notificada el 8 de septiembre de 2025.
[11] Entrada Núm. 228 del SUMAC TPI.

todas las solicitudes de sentencias sumarias presentadas. En particular, el foro de instancia formuló los siguientes Hechos No Controvertidos:

1. PRLP era el dueño de los terrenos donde se ubican los proyectos Bel-Air y Belmont, localizados en Guaynabo, Puerto Rico.

2. Esta empresa quería desarrollar dichos terrenos, por lo que contrató como desarrollador a ABZCO.

3. ABZCO es el desarrollador de 4 proyectos de construcción, ubicados en Guaynabo.

4. Para la construcción de las instalaciones y desarrollo de los anteriores proyectos, ABZCO contrató a RTA.

5. Además, ABZCO suscribió varios contratos de construcción con RTA, para el resto de las obras que desarrollaba.

6. Solution suscribió contratos de alquiler de equipo pesado con RTA.

7. El 19 de octubre de 2018, Solution cursó una carta a la Sra. Cristina Brito y al Sr. Alejandro Brito, reclamando el pago de la cantidad que le adeudaba RTA y solicitud de retención de cualquier dinero en posesión de Brito Development Group o Metro Avanti Properties, a favor de RTA.

Como Hechos en Controversia, formuló los siguientes:

1. Si RTA tiene deudas con Solution[s], por el alquiler de equipo pesado.

2. Si ABZCO le adeuda alguna suma a Solution[s].

3. Si Solution notificó adecuadamente a ABZCO, sobre las deudas de RTA y cuándo realizó dichas notificaciones.

4. Si ABZCO le pagó las obras hechas a RTA antes de que Solution notificara la deuda a ABZCO.

5. ¿Cuándo se le notificó a PRLP de las deudas que potencialmente tiene RTA con Solution?

6. Si PRLP tiene alguna responsabilidad de pago por daños, sobre lo que se le adeuda a Solution.

Concluyó que toda la prueba presentada para demostrar los hechos es prueba testimonial y que, por tal razón, es necesario celebrar un juicio en su fondo, para asignar la credibilidad de cada uno de los testigos que se presentarán y así resolver el pleito.

Inconforme, el 24 de octubre de 2025, la parte peticionaria acudió ante nos mediante el recurso de epígrafe y señaló el siguiente error:

> **ERRÓ EL TPI AL NO DICTAR SENTENCIA SUMARIA A FAVOR DE ABZCO EN CUANTO A LA CAUSA DE ACCIÓN SOBRE COBRO DE DINERO AL AMPARO DEL ARTÍCULO 1489.**

Con el beneficio de la comparecencia de las partes, procedemos a resolver la controversia ante nuestra consideración.

## -II-

### A. Certiorari

El auto de *certiorari* es el vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior.[12] Distinto al recurso de apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de manera discrecional, por tratarse de ordinario de asuntos interlocutorios.[13]

Al presentarse un recurso de *certiorari* de naturaleza Civil, es preciso evaluarlo a la luz de la Regla 52.1 de Procedimiento Civil[14]. Como es sabido, la mencionada regla es la disposición reglamentaria que regula todo lo relacionado a la revisión de sentencias y resoluciones dictadas por el Tribunal de Primera Instancia.[15] Dicha Regla limita la autoridad de este Tribunal para revisar las órdenes y resoluciones interlocutorias dictadas por los tribunales de instancia por medio del recurso discrecional de *certiorari*.

---

[12] *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728 (2016), citando a *García v. Padró*, 165 DPR 324, 334 (2005).
[13] *Pueblo v. Díaz de León*, 176 DPR 913 (2009); *García v. Padró*, 165 DPR 324, 334 (2005).
[14] Regla 52.1 de Procedimiento Civil de 2009 (32 LPRA Ap. V).
[15] *Municipio v. JRO Construction*, 201 DPR 703, 709 (2019).

Posterior a su aprobación, dicha Regla fue enmendada nuevamente por la Ley 177-2010[16], y dispone, en parte:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
>
> Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 de este apéndice sobre los errores no perjudiciales.[17]

Establecido lo anterior, es preciso recordar que, si bien el auto de *certiorari* […] es un vehículo procesal discrecional, la discreción del tribunal revisor no debe hacer abstracción del resto del derecho.[18] Sin embargo, nuestra discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera.[19]

---

[16] Reglas de Procedimiento Civil, Enmienda Regla 52.1, Ley Núm. 177-2010.

[17] Regla 52.1 de Procedimiento Civil, *supra*.

[18] *Municipio v. JRO Construction*, *supra*; *IG Builders v. BBVAPR*, 185 DPR 307 (2012); *Pueblo v. Rivera Santiago*, 176 DPR 559 (2009); *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83 (2008); *García v. Padró*, 165 DPR 324 (2005).

[19] *Id.*; *IG Builders v. BBVAPR*, *supra*; *Torres Martínez v. Torres Ghigliotty*, *supra*; *Negrón v. Srio. de Justicia*, 154 DPR 79, 91 (2001).

La discreción judicial "no se da en un vacío ni en ausencia de unos parámetros".[20] Recordemos que, a fin de que el Tribunal de Apelaciones pueda ejercer su discreción de manera prudente, la Regla 40 de su Reglamento[21] establece los criterios que dicho foro debe considerar al determinar si procede o no expedir un auto de *certiorari*.[22] En particular, esta Regla dispone los siguientes criterios:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[23]

El Tribunal Supremo de Puerto Rico ha manifestado que los tribunales apelativos no deben intervenir con determinaciones emitidas por el foro primario, y

---

[20] *Íd.; IG Builders v. BBVAPR, supra*, pág.338; *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580 (2011).
[21] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, In re Aprob. Enmdas. Reglamento TA, 2025 TSPR 42, pág. 60, 215 DPR _ (2025).
[22] *Municipio v. JRO Construction, supra.*
[23] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *supra*.

sustituir el criterio utilizado por dicho foro en el ejercicio de su discreción, salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad, incurrió en craso abuso de discreción, o que incurrió en error manifiesto.[24] Por tal razón, el ejercicio de las facultades discrecionales por el foro de instancia merece nuestra deferencia, salvo que incurra en algunas de las conductas previamente mencionadas.

### B. Sentencia Sumaria

La Regla 36 de Procedimiento Civil le permite a los tribunales dictar sentencia sumariamente cuando los hechos de un caso no están en controversia y el derecho favorece la posición de la parte que la solicita.[25] Con la moción de sentencia sumaria, se busca propiciar la solución justa, rápida y económica de los litigios civiles que no presentan controversias genuinas de hechos materiales y que, por consiguiente, no ameritan la celebración de un juicio en su fondo porque lo único que resta es dirimir una o varias controversias de derecho.[26]

En virtud de la Regla 36.1 de Procedimiento Civil, la parte reclamante en un pleito puede presentar una moción fundada en declaraciones juradas o aquella evidencia que demuestre la inexistencia de una controversia sustancial de hechos esenciales y pertinentes, para que el tribunal dicte sentencia sumariamente a su favor sobre la totalidad o cualquier parte de la reclamación.[27]

---

[24] *Citibank et al. v. ACBI et al.*, 200 DPR 724, 726 (2018).
[25] Regla 36 de Procedimiento Civil de 2009 (32 LPRA Ap. V).
[26] *Vera v. Dr. Bravo*, 161 DPR 308, 331 (2004).
[27] Regla 36.1 de Procedimiento Civil, *supra*.

Por otra parte, la Regla 36.3, titulada Moción y Procedimiento, establece los requisitos de forma, notificación y contenido, tanto de la moción de sentencia sumaria, como de la contestación a esta.[28] El inciso (b) de la Regla 36.3 regula la contestación a la moción de sentencia sumaria, la cual debe ser presentada dentro de 20 días de la notificación de la moción, y dispone que debe: (1) contener una breve exposición de las alegaciones de las partes, los asuntos en controversia y la causa de acción reclamada; (2) tener una relación concisa y organizada de los hechos esenciales y pertinentes que están realmente y de buena fe controvertidos, con referencia a los párrafos enumerados por la parte promovente y con indicación de los párrafos o páginas de las declaraciones juradas u otra prueba admisible donde se establecen estos hechos, así como de cualquier otro documento en el expediente del tribunal; (3) contener una enumeración de los hechos que no están en controversia; y (4) tener las razones por las cuales no debe ser dictada la sentencia, argumentando el derecho aplicable.[29]

En adición, el inciso (c) de la Regla 36.3 dispone que, al presentarse una moción de sentencia sumaria, sostenida de la forma provista por la Regla 36, la parte contraria no puede descansar únicamente en las aseveraciones o negaciones contenidas en las alegaciones, sino que tiene que contestar tan detallada y específicamente como lo hizo la parte promovente. Si

---

[28] Regla 36.3 de Procedimiento Civil, *supra*.
[29] *Íd.*

no lo hace, se dictará la sentencia sumaria en su contra, si procede.[30]

A su vez, la Regla 36.3, en su inciso (e), establece que la sentencia sumaria solicitada será dictada inmediatamente, si de las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, así como de las declaraciones juradas y otra evidencia, surge que no existe controversia real y sustancial en cuanto a ningún hecho esencial y pertinente y, que, como cuestión de derecho, se debe dictar la sentencia sumaria a favor de la parte promovente.[31] Por último, este inciso también dispone que si la parte contraria no presenta una contestación en el término provisto por la Regla, se entenderá que la moción de sentencia sumaria quedó sometida para la consideración del Tribunal.

Ahora bien, nuestro Tribunal Supremo ha sido enfático en que solo procede que se dicte sentencia sumaria cuando surge de manera clara que, ante los hechos materiales no controvertidos, el promovido no puede prevalecer ante el Derecho aplicable y que, el Tribunal cuenta con la verdad de todos los hechos necesarios para poder resolver la controversia.[32] Por un lado, quien promueve la moción de sentencia sumaria tiene que establecer su derecho con claridad y debe demostrar que no existe controversia en cuanto a ningún hecho material, o sea, ningún componente de la causa de acción.[33] Por el otro lado, quien se opone a la disposición sumaria solicitada, viene obligado a

---

[30] Regla 36.3(c) de Procedimiento Civil, *supra*.
[31] Regla 36.3(e) de Procedimiento Civil, *supra*.
[32] *Meléndez González et al. v. M. Cuebas*, 193 DPR 100, 109-110 (2015).
[33] *Íd*. a la pág. 110.

establecer que existe una controversia que sea real en cuanto a algún hecho material y, en ese sentido, no cualquier duda es suficiente para derrotar la solicitud de sentencia sumaria.[34]

Al resolverse una moción de sentencia sumaria, el uso de este mecanismo, el cual es un remedio discrecional, debe ser mesurado y procederá solo cuando el tribunal esté claramente convencido de que tiene ante sí documentos no controvertidos.[35] Asimismo, se debe tomar en cuenta que la parte que se opone tiene derecho a un juicio plenario cuando existe la más leve o mínima duda en cuanto a cuáles son los hechos materiales y esenciales.[36] Igualmente, toda duda sobre la existencia de una controversia real sobre estos hechos se debe resolver en contra de la parte promovente, lo cual persigue no poner en peligro ni lesionar los intereses de las partes.[37] Cónsono con esto, ha quedado claro que en nuestra jurisdicción, la moción de sentencia sumaria no puede convertirse en un instrumento para privar a una parte de su derecho al debido proceso de ley.[38] Este principio de liberalidad a favor de la parte oponente busca evitar la privación del derecho de todo litigante a su día en corte cuando existen controversias de hechos legítimas y sustanciales que deben ser resueltas.[39]

En síntesis, como norma general, los tribunales están impedidos de dictar sentencia sumaria en cuatro instancias: (1) cuando existan hechos materiales y

---

[34] *Íd.* a la pág. 111; Ramos Pérez v. Univisión, 178 DPR 200, 213 (2010).
[35] *Vera v. Dr. Bravo*, *supra* en la pág. 334.
[36] *Íd.*
[37] *Íd.*
[38] *García Rivera et al. V. Enríquez*, 153 DPR 323, 339 (2001).
[39] *Ramos Pérez v. Univisión*, *supra* en las págs. 216-217.

esenciales controvertidos; (2) cuando hay alegaciones afirmativas en la demanda que no han sido refutadas; (3) cuando de los propios documentos que acompañan la moción surge que existe una controversia sobre algún hecho material y esencial; o (4) cuando como cuestión de Derecho no procede.[40]

Desde la perspectiva del Tribunal de Apelaciones, esta Curia viene obligada a resolver los asuntos planteados ante su consideración de forma fundamentada.[41] En cuanto al estándar revisor del foro apelativo ante este tipo de moción, el Tribunal Supremo ha precisado que el Tribunal de Apelaciones utilizará los mismos criterio que el TPI al determinar si procede una sentencia sumaria.[42] En tal sentido, el foro apelativo se encuentra en la misma posición que el TPI al revisar una solicitud de sentencia sumaria.[43] En adición, el Tribunal Supremo de Puerto Rico recogió múltiples aspectos importantes en cuanto a la revisión del Tribunal de Apelaciones sobre la moción de sentencia sumaria, de los cuales resaltan los siguientes: (1) su revisión es *de novo* y debe examinar el expediente de la manera más favorable hacia la parte que se opuso a la moción, llevando a cabo todas las inferencias permisibles a su favor; (2) debe revisar si en realidad existen hechos materiales en controversia y, de haberlos, debe cumplir con exponer concretamente aquellos hechos materiales que encontró que estaban en controversia y aquellos que no; y (3) de encontrar que no están incontrovertidos, debe entonces revisar *de novo*

---

[40] *Oriental Bank v. Perapi et al.*, 192 DPR 7, 26-27 (2014).
[41] *Meléndez González et al. v. M. Cuebas*, *supra* en la pág. 114.
[42] *Meléndez González et al. v. M. Cuebas*, *supra* en la pág. 114.
[43] *Íd.* en la pág. 115.

si el TPI aplicó correctamente el Derecho a la controversia.[44]

### C. Artículo 1489 del Código Civil del 1930

El Artículo 1489 del Código Civil de Puerto Rico, dispone como sigue:

> Los que ponen su trabajo y materiales en una obra ajustada alzadamente por el contratista no tienen acción contra el dueño de ella sino hasta la cantidad que éste [sic] adeude a aquél [sic] cuando se hace la reclamación.[45]

Por consideraciones de orden público y de equidad, el precitado artículo proporciona un remedio estatutario a los terceros ajenos al contrato de obra, para que puedan recobrar el valor del trabajo y de los materiales que invirtieron o aportaron a ella.[46] Así, los que han convenido con el contratista para el suministro de materiales y mano de obra pueden llevar una acción directa contra el dueño del proyecto por la deuda que aquel deje al descubierto por esos conceptos. De esta manera, los obreros, subcontratistas y materialistas pueden hacer efectivo su crédito contra el dueño de la obra, aun cuando no intervinieron en el contrato original ni exista una relación contractual directa con él. El remedio que brinda este artículo constituye, pues, una excepción al principio de la relatividad de los contratos, que establece que los contratos tienen efecto únicamente entre los otorgantes y sus causahabientes.[47]

---

[44] *Íd.* en las págs. 118-119.
[45] Artículo 1489 del Código Civil de Puerto Rico de 1930, *supra*.
[46] *Puerto Rico Wire Prod. v. C. Crespo Asoc.*, 175 DPR 139 (2008).
[47] Artículo 1209 del Código Civil de Puerto Rico de 1930, 31 LPRA sec. 3374; *Junco Steel Corp. v. C.E. Design Dev.*, 148 DPR 272, 277 (1999); *R. Román & Cía. v. J. Negrón Crespo, Inc.*, 109 DPR 26, 30 (1979).

La doctrina legal y científica reconoce que el dueño de la obra se convierte en deudor de los materialistas y obreros desde el mismo momento en que se realiza la reclamación, bien sea judicial o extrajudicialmente. Como resultado, el dueño de la obra deja de ser el deudor del contratista general hasta el punto que los acreedores particulares del segundo no podrán concurrir con los obreros y materialistas en la suma debida por el primero.[48] De esta manera, se reconoce un derecho preferente a favor de estos terceros, lo que constituye una "verdadera medida de ejecución y medio de pago".[49] Es decir, de ordinario, "los obreros y los suministrantes sólo tendrían contra el dueño de la obra la acción subrogatoria que, en la hipótesis del Artículo 1064 del Código Civil, les correspondería como acreedores del contratista. Pero el Artículo 1489 les concede, en cambio, una acción directa contra el dueño o comitente".[50]

Esta acción solo admite dos limitaciones: primero, el reclamo debe restringirse a la cantidad que le adeude el dueño de la obra al contratista, en virtud del contrato de ejecución de obra; y, segundo, el suplidor no adquiere ante el dueño de la obra más derechos de los que tenía el contratista. Es decir, "para que el dueño de la obra no se vea obligado a pagar dos veces, esto es, al contratista y también a los obreros y suministrantes, el Artículo 1489[51] especifica que la

---

[48] *Goss, Inc. v. Dycrex, & Co., S.E.,* 141 DPR 342,352 (1996); *Amer. Surety Co. v. Tribunal Superior,* 97 DPR 452, 455-456 (1969).
[49] *R. Román & Cía. v. J. Negrón Crespo, Inc., supra,* a la pág. 31.
[50] *C. Armstrong e Hijos v. Díaz,* 98 DPR 819, 823-824 (1968).
[51] Artículo 1489 del Código Civil de Puerto Rico de 1930, *supra.*

acción procede solamente hasta la cantidad que el dueño adeude al contratista cuando se hace la reclamación".[52]

## -III-

Antes de proceder con la discusión del error señalado, debemos resolver si procede expedir el recurso de *certiorari*. El primer paso es evaluar la petición a la luz de la Regla 52.1 de Procedimiento Civil[53], la cual establece que el recurso de *certiorari* solamente será expedido por el Tribunal de Apelaciones "cuando se recurra […] de la denegatoria de una moción de carácter dispositivo[…]". Al recordar que la expedición del auto de *certiorari* es una discrecional, es preciso resaltar que, debemos considerar los criterios establecidos en la Regla 40 del Reglamento del Tribunal de Apelaciones[54]. Al analizar los hechos que nos conciernen, y al evaluarlos a la luz de las precitadas reglas, concluimos que este foro ostenta autoridad para expedir el auto solicitado. Esto, ya que se refiere a la denegatoria de una sentencia sumaria que, debido al asunto, es de carácter dispositiva y la expedición del auto no causa un fraccionamiento indebido del pleito.

Por ello, procede la concesión del recurso de *certiorari*. Resuelto este particular, procedemos a resolver el señalamiento de error.

El peticionario señala como error que incidió el foro primario al no dictar sentencia sumaria a su favor en cuanto a la causa de acción sobre cobro de dinero al amparo del Artículo 1489[55].

---

[52] C. *Armstrong e Hijos v. Díaz*, 98 DPR a las págs. 823-824; *Junco Steel Corp. v. C.E. Design Dev.*, 148 DPR a las págs. 277-278.
[53] Regla 52.1 de Procedimiento Civil de 2009, *supra*.
[54] Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*.
[55] Artículo 1489 del Código Civil de Puerto Rico de 1930, *supra*.

Luego de evaluar la totalidad del expediente ante nos, colegimos que existen controversias sobre hechos medulares que impiden la solución de la presente causa por la vía sumaria. En específico, existe controversia en cuanto a si ABZCO es o no dueña de la obra, como para responderle a Solution, bajo el Artículo 1489[56].

A pesar de que el foro de instancia formuló, como hecho no controvertido, que PRLP era el dueño de los terrenos donde se ubican los proyectos, el *Contrato de Obra*[57], suscrito entre la peticionaria y RTA, ABZCO comparece como "EL DUEÑO". Además, en la *Solicitud de Sentencia Sumaria* promovida por ABZCO, añadió, como "Asuntos a ser Resueltos por el Tribunal" el hecho de "[s]i ABZCO se considera dueño de todos o alguno de los Proyectos-PRLP para propósitos [d]el Artículo 1489"[58]. A pesar de argumentar que PRLP es la dueña de los proyectos, establece como asunto a ser resuelto si, para efectos de esa causa de acción bajo el referido artículo, ABZCO es considerada dueña.

Sabido es que para que proceda una sentencia sumaria, la parte promovente debe presentar prueba incontrovertible sobre todos los elementos indispensables de su causa de acción. Además, toda inferencia razonable que pueda surgir de los hechos y de los documentos se debe interpretar en contra de quien solicita la sentencia sumaria.

Ahora bien, la causa de acción en este caso es la reclamación de cobro de dinero bajo el Artículo 1489[59]. Como discutimos anteriormente, el precitado artículo

---

[56] *Íd.*
[57] Anejo Núm. 1 de la Entrada Núm. 210 del SUMAC TPI.
[58] Página 6 de la Entrada Núm. 201 del SUMAC TPI.
[59] *Íd.*

otorga una causa de acción contra el dueño de la obra, cuando el contratista no cumpla frente al materialista. Elemento imprescindible para que exista una causa de acción bajo este artículo es que, a quien se le dirige dicha causa, sea el dueño de la obra. De no ser el dueño, no hay causa de acción que proceda. Este es precisamente el hecho que no está probado de manera clara en este caso, como para dictar sentencia sumaria en cuanto a esta causa de acción.

A pesar de que coincidimos con el foro primario en que no procede dictar sentencia sumaria, entendemos que es un hecho en controversia si ABZCO es dueña también de la obra, para efectos del referido artículo, y quien podría responder frente al materialista. Hecho que debe resolverse en juicio.

En vista de ello, no cabe otra conclusión que expedir el recurso de *certiorari*, modificar la *Resolución* para añadir como Hecho en Controversia si ABZCO es dueña de la obra, para efectos del Artículo 1489, y así, confirmamos.

**-IV-**

Por los fundamentos antes expuestos, se **expide** el recurso de *certiorari*, se **modifica** la *Resolución* para añadir como Hecho en Controversia si ABZCO es dueña de la obra, para efectos del Artículo 1489, y así, **confirmamos.**

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

*Lcda. Lilia M. Oquendo Solís*
*Secretaria del Tribunal de Apelaciones*